129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thi Mai VU, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, and Ricahrd K.
Rogers, District Director, Respondent-Appellee.
 No. 97-55069.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Nov. 7, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-05307-JSL; J. Spencer Letts, District Judge, Presiding.
 
 
 2
 Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Thi Kim Mai Vu, citizen of Vietnam subject to a final order of exclusion, seeks asylum pursuant to 8 U.S.C. § 1158 (Supp.1997). The Board of Immigration Appeals denied relief. Vu then challenged the BIA's decision by petitioning for habeas corpus in district court pursuant to 8 U.S.C. § 1105a(b), a statute that has been repealed but continues to govern Vu's case, as the government concedes. The district court denied relief and Vu appeals. This court has appellate jurisdiction under 28 U.S.C. § 2253 (1994). We affirm.
 
 I.
 
 5
 The facts of the case are known to the parties. We will not repeat them here.
 
 II.
 
 6
 Past persecution on the basis of political opinion or membership in a social group creates a rebuttable presumption of future persecution. See Vallecillo-Castillo v. INS, 121 F.3d 1237, 1239 (9th Cir.1996). Although the issue is vigorously disputed, we assume for purposes of decision that Vu has established that she was persecuted on account of her political beliefs. Accordingly, we assume that she is entitled to a rebuttable presumption of future persecution.
 
 
 7
 The record evidence rebuts that presumption, however. The BIA concluded that Vu had no well-founded fear of future persecution, partly relying on a U.S. State Department report on human rights conditions in Vietnam. That report stated that Vietnam has complied with its promise to refrain from persecuting repatriates, and that freer economic and entreprenurial conditions made denial of employment unlikely. Under these circumstances, we conclude that substantial evidence supports the BIA's ruling that Vu had failed to demonstrate a well-founded fear of future persecution.
 
 III.
 
 8
 Absent a well-founded fear of future persecution, asylum would be warranted for humanitarian reasons if Vu could demonstrate that she or her family had suffered under atrocious forms of past persecution. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995). Although we do not minimize the hardships to Vu and her family reflected in Vi's evidence, we conclude that they were not sufficiently severe to warrant asylum on this ground alone.
 
 IV.
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3